IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1999 SESSION

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9903-CC-00104 |
| | ) | |
| vs. | ) | Cocke County |
| | ) | |
| CARY CARL CAUGHRON, | ) | Hon. Rex Henry Ogle, Judge |
| | ) | |
| Appellant. | ) | (4 cts. Felony Murder, |
| | ) | Aggravated Arson, |
| | | Attempted First Degree Murder) |

FOR THE APPELLANT:
EDWARD CANTRELL MILLER
District Public Defender

SUSANNA LAWS-THOMAS
Asst. District Public Defender
102 Mims Ave.
Newport, TN 37821-3614

FOR THE APPELLEE:
PAUL G. SUMMERS
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Counsel for the State
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

ALFRED G. SCHMUTZER
District Attorney General
125 Court Ave., Rm. 301-E
Sevierville, TN 37862

OPINION FILED:_____

AFFIRMED

JAMES CURWOOD WITT, JR., JUDGE

## OPINION

The defendant, Cary Carl Caughron, is before this court for the third time for his convictions of four counts of felony murder, one count of aggravated arson, and one count of attempted first degree murder. He received his convictions at a jury trial in the Cocke County Circuit Court, and the jury set the punishment for each of the murder convictions at life imprisonment. Thereafter, the trial court imposed 25-year sentences for aggravated arson and attempted first degree murder. The court ordered the life sentences each served consecutively to each other, but concurrently to the aggravated arson and attempted first degree murder convictions. The defendant appealed, and we affirmed the convictions but modified the imposition of consecutive sentencing to concurrent service of all six sentences. See State v. Cary Caughron, No. 03C01-9310-CR-00181 (Tenn. Crim. App., Knoxville, Sept. 20, 1994) (Caughron I). Thereafter, the supreme court granted application to appeal for the purpose of remanding the case to this court for reconsideration in light of State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995) (consecutive sentencing). On remand, we found the record devoid of the necessary findings for reconsideration of consecutive sentencing under Wilkerson. See State v. Cary Caughron, No. 03C01-9310-CR-00181 (Tenn. Crim. App., Knoxville, Jan. 26, 1996) (Caughron II). Therefore, we remanded the matter to the trial court, which conducted a hearing, made findings, and imposed the life sentences consecutively to each other and concurrently to the other two sentences. It is from this determination that the defendant now appeals. Upon review of the record, the briefs of the parties, and the applicable law, we affirm.

The facts of this case are divulged in detail in this court's first opinion. See Caughron I, slip op. at 2-4. Briefly, the defendant set fire to a building which contained several apartments because one of the tenants had taken a knife from him, and he had been unable to get the woman to return the knife. Four individuals

2

perished in the fire.

At the resentencing hearing, the trial court received an updated presentence report and heard the testimony of the defendant and his wife. Both testified about the events of the night of the offenses. The defendant claimed he had been unable for several years to recall the events of the night in question; however, after he stopped taking medication and seeing psychiatric caregivers about three years ago, his memory started to return.[1] He claimed that he did not intend to harm anyone; he only wanted to scare the woman who took his knife. He testified he and his wife broke into the building and knocked on all the apartment doors, but no one answered. They then tried to borrow a shotgun from an acquaintance, but they were unsuccessful. They went home, and the defendant siphoned some gasoline from one of their vehicles. The defendant's wife drove him to the apartment building; he went inside and poured the gas down in the hallway and started the fire. They left the scene but returned later, and the defendant was arrested.[2] The defendant claimed his wife could have stopped him that night. However, he believes she may have manipulated him that night so he would end up in prison and she could be with her alleged lover.[3]

In this appeal, the defendant questions whether the trial court properly imposed consecutive sentences for each of the felony murder convictions. When

---

[1]According to the defendant's wife, she was the defendant's legal guardian for purposes of receiving his Social Security checks. Apparently, the Social Security Administration had determined that the defendant was unable to manage his own funds. The presentence report reveals that the Social Security payments were for mental disability. The defendant has a family and personal history of mental illness. The defendant has also struggled with alcohol and drug abuse.

[2]Contrary to the defendant's testimony, his wife's testimony minimized her culpability for and knowledge of the defendant's crimes.

[3]The defendant's wife denied she was having an affair at the time of the defendant's crimes.

3

there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In the present case, the trial court considered the proper factors and made appropriately supported factual findings on the record. Thus, our review is *de novo* with the presumption of correctness.

Consecutive sentencing may be imposed in the discretion of the trial court upon a determination that one or more of the following criteria exist:

(1)    The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;

(2)    The defendant is an offender whose record of criminal activity is extensive;

(3)    The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a

result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (1997).  In State v. Wilkerson, 905 S.W.2d 933, 937-38 (Tenn. 1995), the supreme court imposed two additional requirements for consecutive sentencing under the dangerous offender category -- the court must find consecutive sentences are reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal conduct.

After receiving the evidence, the trial court found that the defendant was a dangerous offender.[4]  See Tenn. Code Ann. § 40-25-115(b)(4) (1997). Specifically, the court observed that the defendant knew he was creating a high risk to human life, yet he chose to proceed.  Further, the court found that he had never presided over a case in which human life had been taken so needlessly.  The court

_____

[4]The defendant argues in his brief that the trial court found, inappropriately, that he was "a professional criminal who has knowingly devoted [his] life to criminal acts as a major source of livelihood." See Tenn. Code Ann. § 4035-115(b)(1) (1997).  Although the court commented that the defendant was "an offender whose record of criminal activity is extensive," we view this comment as part of its rationale in finding the defendant a dangerous offender. In any event, even if the court had made an inappropriate finding of professional criminality, consecutive sentencing is independently supported because the defendant is a dangerous offender, as discussed below.

5

observed, "If ever a case supports these factors in 40-35-115, if the facts in this case don't support it, then there is no person who deserves consecutive sentencing." With respect to the <u>Wilkerson</u> factors, the court found consecutive sentences reasonably related to the severity of the offense in that the defendant set fire to an occupied building on a "whim." The court expressed "no doubt that under similar circumstances" the defendant would commit the crimes again; accordingly, the court found that society could not be protected from the defendant except through extensive incarceration.

Upon *de novo* review accompanied by the presumption of correctness, we conclude that the trial court's findings of fact are adequately supported by the record. Moreover, the findings comport with the requirements of the Sentencing Reform Act and <u>Wilkerson</u>. The trial court properly imposed consecutive sentences for the defendant's four felony murder convictions.

In so holding, we have rejected the defendant's argument that the state's failure to introduce any evidence at the resentencing hearing mandates a reversal. The state introduced and the court received the presentence report at the resentencing hearing. Additionally, the court properly considered the evidence previously received by the court at trial, as well as the evidence the defendant offered at the hearing, in making its assessment. <u>See</u> Tenn. Code Ann. § 40-35-210(b) (Supp. 1998).

We affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE


CONCUR:



_____
GARY R. WADE, PRESIDING JUDGE



_____
JERRY L. SMITH, JUDGE